UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

---

| | |
|---|---|
| In Re<br>**BRIAN R. HEATH** and<br>**BRANDIE HEATH,**<br><br>Debtors. | Bankruptcy Case<br>No. 09-40660-JDP |

---

| | |
|---|---|
| **JACKSON LUMBER, INC**<br>*a Wyoming Corp.,*<br><br>         Plaintiff,<br>vs.<br>**BRIAN R. HEATH,**<br><br>**BRANDIE HEATH,**<br><br>**KINETIC CONSTRUCTION,**<br>**INC,** *a dissolved Idaho Corp.,*<br><br>**BRIAN R. HEATH,** *Statutory*<br>*Trustee for Kinetic Construction,*<br>*Inc a dissolved Idaho Corp.,*<br><br>**BRANDIE HEATH,** *Statutory*<br>*Trustee for Kinetic Construction,*<br>*Inc a dissolved Idaho Corp.,*<br><br>         Defendants. | Adv. Proceeding<br>No. 09-8077-JDP |

MEMORANDUM OF DECISION - 1

_____

# MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS

_____

**Appearances:**

    Craig E. Christensen, Pocatello, Idaho, for Plaintiffs

    Brian R. Heath and Brandie Heath, Idaho Falls, Idaho, Pro-Se Defendants.

---

## *Introduction*

Plaintiff Jackson Lumber, Inc. ("Creditor"), obtained a Wyoming state court default judgment ("Wyoming judgment") against Defendant Brian Heath and his wholly-owned company Kinetic Construction, Inc. ("Kinetic"). Brian,[1] with his wife, Defendant Brandie Heath (collectively "Debtors"), cooperated in schemes to thwart Creditor's judgment collection efforts. When Debtors filed for chapter 7 bankruptcy relief,[2]

---

[1] Reference in this decision to Debtors' first names is solely for clarity; no disrespect is intended.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the

(continued...)

MEMORANDUM OF DECISION - 2

Creditor commenced an adversary proceeding seeking the Wyoming judgment's exception from discharge. After a trial, the Court granted that relief under § 523(a)(6). Adv. Dkt. No. 41. Creditor then filed a motion for an award of attorneys' fees and costs incurred in prosecuting the adversary proceeding. Adv. Dkt. No. 44. Debtors objected to the motion, Adv. Dkt. No. 47, and a hearing was held on January 12, 2011. Having considered the record, the parties' submissions, Adv. Dkt. Nos. 44, 45, 47, 52, 53, and applicable law, this Memorandum resolves the motion.

## Facts[3] and Procedural Background

Creditor is a Wyoming building materials supply company. Adv. Dkt. No. 1. While Debtors live in, and Brian operated Kinetic out of, Idaho Falls, Brian and Kinetic occasionally secured jobs in Wyoming.

In 2007, Brian and Kinetic contracted to complete a construction

---

[2](...continued)
Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

[3] All facts, unless otherwise noted, are drawn from testimony and exhibits provided at the September 30, October 1, and October 25, 2010, trial.

MEMORANDUM OF DECISION - 3

project in Jackson, Wyoming. To secure needed supplies, Brian sought an account for Kinetic with Creditor. Upon review of a credit application, Creditor approved the Kinetic account, and Brian and Kinetic subsequently accrued tens of thousands of dollars in debt on the account.

When Brian and Kinetic did not pay on the Kinetic account, Creditor sued to collect in Wyoming state court. The state court ultimately entered a second amended default judgment of $55,164.02 against Brian and Kinetic in September 2008. Adv. Dkt. No. 1, Ex. C.

During this time, Brian and Kinetic secured more contracts. For instance, in May 2008, The Eden Group, LLC ("the Eden Group"), contracted Kinetic to work on a Wilson, Wyoming, office building project ("Eden Building project"). Per that contract, Kinetic was to receive progress payments throughout the course of construction, with a "final payment" to be distributed upon project completion.

When it became aware of this project, in October 2008, Creditor caused the sheriff to serve a writ of garnishment on the Eden Group,

MEMORANDUM OF DECISION - 4

directing it to withhold up to $55,164.02, plus interest, from any funds owed to Brian or Kinetic under the Eden Building project contract. Recognizing that, if monies were withheld from Brian or Kinetic, the Eden Building project's completion would be impacted, an Eden Group representative, Brian, and Brandie devised a plan to ensure uninterrupted payments to Debtors.

Under this misguided arrangement, Debtors and the Eden Group agreed that Custom Building Specialties, LLC ("Custom Building"), and Bumblebee Timber Products ("Bumblebee"), two companies owned or controlled by Brandie, would provide the Eden Building project materials and labor that Kinetic was otherwise contracted to supply. In this manner, payments that should have been withheld by the Eden Group for Creditor's benefit were, instead, diverted and paid to Debtors.

Creditor filed the Wyoming judgment as a foreign judgment in Idaho in December 2008. Debtors filed for chapter 7 relief on May 8, 2009. Bankr. Dkt. No. 1. Creditor thereafter initiated an adversary proceeding,

MEMORANDUM OF DECISION - 5

seeking to except the Wyoming judgment from discharge under §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6). Adv. Dkt. No. 1.

Upon completion of a three day trial, during which Creditor withdrew its § 523(a)(4) claim, the Court dismissed Creditor's §§ 523(a)(2)(A) and (a)(2)(B) claims. However, the Court found that Debtors' conspiracy to divert payments from the Eden Group "around" the writ of garnishment to themselves amounted to willful and malicious tortious conduct sufficient to except the Wyoming judgment from discharge under § 523(a)(6).

Creditor requests attorneys' fees and costs incurred in the adversary proceeding. Debtors object to that request.

## Discussion

**I.    Attorneys' fees.**

Requests for attorneys' fees in federal court actions are typically controlled by the so-called American Rule, which provides that a prevailing party's fees may not be recovered unless authorized by contract

MEMORANDUM OF DECISION - 6

or statute. *Bertola v. N. Wis. Produce Co.* (*In re Bertola*), 317 B.R. 95, 99 (9th Cir. BAP 2004) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)).  Here, Creditor has not shown a contract or statute authorizing recovery of attorneys' fees in connection with a debt dischargeability determination in bankruptcy court.  As a result, Creditor may not recover its attorneys' fees from Debtors.

    A.    <u>No contractual provisions allow Creditor's attorneys' fees</u>.

Neither of the two contracts implicated in this action provide for recovery of attorneys' fees for the prosecution of a § 523(a)(6) claim.

    1.    <u>The credit application</u>.

The application for Kinetic's credit account with Creditor, signed by Brian, provides in part:  "We further agree to pay all reasonable attorney fees and court costs, in the collection of this account."  Adv. Dkt. No. 1, Ex. A.  While the credit application clearly authorizes recovery of attorneys' fees in some instances, the scope of that authorization is limited to efforts "in the collection of *this account*."  *See id.* (emphasis added).

MEMORANDUM OF DECISION - 7

In the Court's view, Creditor's § 523(a)(6) action was not an effort to collect on the Kinetic account. That account merged into the Wyoming judgment, which incorporates terms of the Kinetic account and awards Creditor attorneys' fees incurred in that action. Adv. Dkt. No. 1, Ex. C. *See Wyoming Nat. Bank v. Brown*, 53 P. 291, 291 (Wyo. 1898) (finding a contract may be merged into a judgment on the contract). Because the Kinetic account merged into the Wyoming judgment for collection purposes, Creditor's § 523(a)(6) action was not undertaken "in the collection of [that] account." Therefore, the credit application provision is inapplicable to Creditor's adversary proceeding attorneys' fees.

2. <u>The Wyoming Judgment</u>.

The Wyoming state court judgment concludes:

> It is . . . adjudged and decreed that Plaintiff recover judgment from Defendants in the sum of $55,164.02, accruing interest as provided by law, and all costs of collection of this judgment.

Adv. Dkt. No. 1, Ex. C. The action for which Creditor seeks fees, however,

MEMORANDUM OF DECISION - 8

was not an action to collect on the judgment. Rather, it was an action to determine whether the Wyoming judgment would survive discharge in Debtors' bankruptcy case. The Court finds the Wyoming judgment does not authorize Creditor to recover attorneys' fees in the § 523(a)(6) action.

B. <u>No statutes allow recovery of Creditor's attorneys' fees</u>.

The Bankruptcy Code does not provide a general right to recover attorneys' fees. *JB Constr., Inc. v. King* (*In re King*), 09.1 I.B.C.R. 32, 32 (Bankr. D. Idaho 2009) (citing *Ford v. Baroff* (*In re Baroff*), 105 F.3d 439, 441 (9th Cir. 1997)). However, if state law governs a federal proceeding's substantive issues, the prevailing party may be entitled to attorneys' fees according to state law. *Id.*

The inquiry in § 523(a) attorneys' fees litigation "must be whether the creditor plaintiff would be entitled to fees in state court for establishing those elements of the claim which the bankruptcy court finds support a conclusion of nondischargeability." *Kilborn v. Haun* (*In re Haun*), 08.4 I.B.C.R. 155, 157 (Bankr. D. Idaho 2008). Here, attorneys' fees for a

MEMORANDUM OF DECISION - 9

§ 523(a)(6) action are not authorized by either Wyoming or Idaho law.

1. <u>No Wyoming statutes allow Creditor's attorneys' fees</u>.

Wyoming Statutes § 1-14-126 generically states:

> In civil actions for which an award of attorney's fees is *authorized*, the court in its discretion may award reasonable attorney's fees to the prevailing party . . . .

(emphasis added). However, there are no Wyoming statutes *authorizing* attorneys' fees awards in actions to redress tortious conduct, or in debt dischargeability actions based on such conduct. *But see generally* WYO. STAT. ANN. § 1-1-127 (authorizing attorneys' fees in civil actions related to shoplifting); WYO. STAT. ANN. § 4-10-1004 (authorizing attorneys' fees in judicial proceedings involving the administration of a trust); WYO. STAT. ANN. § 30-5-303(b) (authorizing attorneys' fees to the prevailing party in a Wyoming Royalty Payment Act proceeding). Creditor's attorneys' fees are not authorized by Wyoming law.

MEMORANDUM OF DECISION - 10

> 2. <u>No Idaho statutes allow Creditor's attorneys' fees</u>.

While several Idaho statutes authorize attorneys' fees in various scenarios, only three arguably apply here.

> a. <u>Idaho Code § 12-120(3)</u>.

Idaho Code Section 12-120(3) provides:

> In any civil action to recover on an open account . . . or contract . . . in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

The basis for all court actions between Creditor and Debtors has been the Kinetic account. Brian's completion of Creditor's credit application, and Creditor's subsequent extension of credit to Kinetic, was, clearly, a "commercial transaction" as defined in Idaho Code § 12-120(3).

Idaho courts apply a two-part test to determine if attorneys' fees are appropriate in commercial transaction litigation. *Rahas v. Ver Mett*, 111

MEMORANDUM OF DECISION - 11

P.3d 97, 100 (Idaho 2005). Such fees are only appropriate if a commercial transaction is integral to a successfully litigated claim and provides the actual basis for recovery. *See id.* (quoting *Iron Eagle Dev., LLC v. Quality Design Sys., Inc.*, 65 P.3d 509, 515 (Idaho 2003)). Idaho Code § 12-120(3) does not provide attorneys' fees if the basis for recovery is tortious conduct, even if a commercial transaction underlies the tort. *See Bybee v. Isaac*, 178 P.3d 616, 625–26 (Idaho 2008); *Thirsty's L.L.C. v. Tolerico*, 137 P.3d 435, 438 (Idaho 2006); *McPheters v. Maile*, 64 P.3d 317, 323 (Idaho 2003) (citing *Rice v. Litster*, 980 P.2d 561, 565 (Idaho 1999)); *Sammis v. Magnetek, Inc.*, 941 P.2d 314, 326 (Idaho 1997). *Cf. In re Haun*, 08.4 I.B.C.R. at 158 (relying on *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594, 599–600 (Idaho 2007) for the proposition that tortious conduct does not preclude Idaho Code § 12-120(3) attorneys' fees if the gravamen of the litigation is the commercial transaction).

      While Creditor pursued claims under §§ 523(a)(2)(A), (a)(2)(B), and

MEMORANDUM OF DECISION - 12

(a)(6), it prevailed only as to the latter. The gravamen of the § 523(a)(6) claim was not the commercial transaction involved in Creditor's extension of credit to Kinetic, but, rather, was Debtors' tortious conspiracy to wrongfully divert monies from Creditor to themselves. Under these facts, the Court may not award Creditor Idaho Code § 12-120(3) attorneys' fees.

      b. <u>Idaho Code § 12-120(5)</u>.

Idaho Code § 12-120(5) allows attorneys' fees for judgment collection efforts, and states:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs and costs incurred in attempting to collect on the judgment.

Under this statute, a party must first be entitled to Idaho Code §§ 12-

MEMORANDUM OF DECISION - 13

120(1), (2), (3), or (4) attorneys' fees[4] before post-judgment fees may be recovered. Creditor's claim against Debtors is not covered by any of those subsections, and Creditor is not entitled to recover Idaho Code § 12-120(5) fees.

      c. Idaho Code § 12-121.

Idaho Code § 12-121 states "In any civil action, the judge may award reasonable attorney's fees to the prevailing party . . . ." While seemingly broad in scope, the Idaho Supreme Court limited the application of Idaho Code § 12-121 when it adopted Idaho Rule of Civil Procedure 54(e)(1). That Rule states:

> In any civil action the court may award
> reasonable attorney fees . . . to the prevailing
> party or parties . . . *when provided for by any statute
> or contract. Provided, attorney fees under section 12-*

---

[4] Idaho Code § 12-120(1) allows attorneys' fees where the amount pleaded is $25,000 or less; § 12-120(2) allows fees for counterclaims, cross-claims, or third party claims; and § 12-120(4) authorizes attorneys' fees for personal injury actions where the plaintiff's claims for damages are below $25,000.

MEMORANDUM OF DECISION - 14

> *121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation . . . .*

Idaho R. Civ. P. 54(e)(1) (emphasis added). Not only are Idaho Code § 12-121 attorneys' fees available only where authorized by another statute or contract, but Creditor would also have to show that Debtors defended this action frivolously, unreasonably, or without foundation.

This Court has discretion to determine whether a case was frivolously or unreasonably defended. *In re Haun*, 08.4 I.B.C.R. at 157. To do so, it looks at the entire course of litigation.[5] *McGrew v. McGrew*, 82 P.3d 833, 844 (Idaho 2003) (citing *Nampa & Meridian Irrigation Dist. v. Wash. Fed. Sav.*, 20 P.3d 702 (Idaho 2001)). As long as a legitimate, triable issue was presented, attorneys' fees may not be awarded under Idaho Code

---

[5] This is consistent with the language of Idaho R. Civ. P. 54(e)(1), which allows Idaho Code § 12-121 plaintiff's attorneys' fees only if a "case" was defended frivolously or unreasonably, not whether a "claim" within a case was defended frivolously or unreasonably. *See* Idaho R. Civ. P. 54(e)(1).

MEMORANDUM OF DECISION - 15

§ 12-121. *See Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009); *Thomas v. Madsen*, 132 P.3d 392, 396 (Idaho 2006); *McGrew*, 82 P.3d at 844.

Debtors defended against all three of Creditor's claims for relief in the adversary proceeding, and successfully defeated two of them. Looking at the totality of the litigation, the Court finds Debtors' defense of this action was not frivolous, unreasonable, or unfounded, and attorneys' fees under Idaho Code § 12-121 are not warranted.

**II.     Costs.**

Costs may be awarded to an adversary proceeding's prevailing party any time not prohibited by federal statute or the Bankruptcy Rules. *See* Rule 7054(b). Creditor successfully prosecuted its § 523(a)(6) claim, and, therefore, was the adversary proceeding's prevailing party. The Court may award Creditor, as costs: clerk fees; fees for transcripts used in the case; fees and disbursements for witnesses; and fees for making copies used in the case. *See* 28 U.S.C. § 1920; LBR 7054.1(c). Creditor submitted a

MEMORANDUM OF DECISION - 16

Bill of Costs, requesting $2,004.65.[6]  Adv. Dkt. No. 43.  The Court finds the requested costs are for acceptable purposes, and are appropriately awarded to Creditor as the prevailing party in its adversary proceeding.

## Conclusion

Section 523(a) attorneys' fees are only recoverable if authorized by contract or statute.  No contract, and no Wyoming or Idaho statute, authorize the recovery of attorneys' fees in a § 523(a)(6) action based on a debtor's tortious conduct.   Costs, however, may be awarded to an adversary proceeding's prevailing party, and the Court awards Creditor its requested $2,004.65 in costs.  Creditor's motion will therefore be denied as to attorneys' fees, but granted as to costs, in a separate order.

---

[6] Creditor's bill of costs excluded costs for a witness that did not appear at trial, as well as those costs incurred in a previous Motion to Compel.  Adv. Dkt. Nos. 43, 44.

MEMORANDUM OF DECISION - 17

Dated: March 28, 2011

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 18